■ VINCENT FRANZONE, Plaintiff, v RICHARD T. QUINN, Respondent, and THE MONEY STORE/EMPIRE STATE, INC., Appellant, et al., Defendants. [750 NYS2d 899] —Lahtinen, J. Appeal from an order of the Supreme Court (Connor, J.), entered July 13, 2001 in Ulster County, which, inter alia, granted defendant Richard T. Quinn's motion for a default judgment entered against defendant The Money Store/Empire State, Inc.

Plaintiff commenced an action pursuant to RPAPL article 15 naming various defendants, including The Money Store/Empire State, Inc. (hereinafter Money Store) and Richard T. Quinn. Quinn asserts, and Money Store does not deny, that Money Store was not served the summons and complaint by plaintiff. Quinn thus served Money Store with a summons and his answer, which contained a cross claim against Money Store

(*see* CPLR 3019 [d]). Money Store did not serve Quinn with a reply or answer. Quinn moved for a default judgment, which Supreme Court granted. Money Store appeals.

Money Store contends that, pursuant to CPLR 3011, it was not required to serve an answer to the cross claim because the cross claim did not contain a demand for an answer. The fact that Quinn's answer containing the cross claim was served together with a summons, which demanded an answer, belies Money Store's contention. Moreover, since Money Store was ostensibly not served in the original action, the matter is controlled by CPLR 3019 (d), which provides, in relevant part: "Where a person not a party is alleged to be liable a summons and answer containing the counterclaim or cross-claim shall be filed, whereupon he or she shall become a defendant. Service upon such a defendant shall be by serving a summons and answer containing the counterclaim or cross-claim. Such defendant shall serve a reply or answer as if he or she were originally a party." Money Store was served by Quinn with a summons and Quinn's answer, which contained a cross claim against Money Store. Therefore, pursuant to the clear statutory directive, Money Store was required to serve a reply or answer. It failed to do so and, thus, it was properly found by Supreme Court to be in default.

Money Store's further argument that it was entitled to notice of the default proceedings is meritless. No notice of the application for a default judgment was necessary since Money Store failed to answer the cross claim and Quinn made his motion within one year of the default (*see* CPLR 3215 [g] [1]; *Stoltz v Playquest Theater Co.*, 257 AD2d 758, 759).

Mercure, J.P., Crew III, Spain and Rose, JJ., concur. Ordered that the order is affirmed, with costs.